# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MICHELE SLINGERLAND,　　　　　)
　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　)　　Case No:
　　　　　　　　　　　　　　　　)
MAINSTAY HEALTHCARE　　　　　)
MANAGEMENT, LLC.,　　　　　　 )
　　　　　　　　　　　　　　　　)
　　　Defendant.　　　　　　　　)
_____/

## PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, MICHELE SLINGERLAND ("Plaintiff" or "Slingerland"), files her Complaint against the Defendant, MAINSTAY HEALTHCARE MANAGEMENT, LLC. ("Defendant" or "Mainstay"), and states the following:

## NATURE OF THE CLAIMS

1. This is an action for monetary damages and injunctive relief, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 et seq. (hereinafter "ADA"), and the Florida Civil Rights Act of 1992, Fla. Stat. Ann. § 760.10 to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful intentional and systematic

1

discrimination based on Plaintiff's disability, and in retaliation for Plaintiff's protected requests, leading to her unlawful termination.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

5. Plaintiff, Slingerland, is a citizen of the United States was at all times material, a resident of the State of Florida.

6. Defendant, Mainstay, is a For-Profit Corporation with its principal place of business located at 505 Ariana Avenue, Auburndale, Florida 33823, and does business in this judicial district.

7. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

2

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On September 9, 2024, Plaintiff dual filed a timely claim with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on disability discrimination and retaliation.

10. Plaintiff's EEOC charge was timely filed after the alleged unlawful employment practices occurred.

11. On July 1, 2025 the EEOC issued a Notice of Right to Sue.

12. This complaint was filed within ninety (90) days Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

13. Plaintiff was hired by Defendant on or about August 5, 2023.

14. Plaintiff was a full-time employee who regularly worked or exceeded forty hours per week.

15. At the time of her termination, Plaintiff's title was Controller.

16. Plaintiff was qualified to perform the duties of her role(s).

17. At all relevant times, Plaintiff was disabled under the law.

18. At all times material Defendant was aware Plaintiff was disabled.

19. Plaintiff's disability substantially limited one or more of her major life activities.

20. On or about May 9, 2024, Plaintiff suffered a heart attack.

21. Plaintiff's informed Julie Garrard she suffered a heart attack.

22. As a result of Plaintiff's heart attack she was hospitalized and underwent open-heart surgery.

23. On or about May 19, 2024, Plaintiff was released from the hospital.

24. Plaintiff's doctor informed Plaintiff that she was to work under light duty restrictions for eight (8) weeks. During this eight (8) week period Plaintiff remained available by phone, Teams meeting, or email to answer questions.

25. Plaintiff contacted Ms. Garrand to request the reasonable accommodation to work remotely.

26. Plaintiff's request was granted.

27. Plaintiff began working remotely in the first week of June 2024.

28. Plaintiff was scheduled to return to full time work in office on July 10, 2024.

29. Ms. Garrand and Plaintiff discussed and agreed that once Plaintiff returned to the office, Plaintiff would be able to continue working remotely three

(3) days a week and be in the office two (2) days for Plaintiff to attend her cardiac outpatient rehabilitation appointments.

30. On or about July 2, 2024, Jennifer Monroe, Payroll Clerk for Defendant, emailed Plaintiff stating that despite Plaintiff's agreement with Ms. Garrard, Plaintiff would be paid as a salaried associate and would not receive overtime.

31. Ms. Monroe's directive was in direct contradiction to Plaintiff's prior agreement.

32. Defendant failed to further engagement in the interactive process.

33. Plaintiff's request for the reasonable accommodation of a hybrid work schedule would not have imposed an undue hardship on Defendant.

34. In early July 2024 Plaintiff attempted to log into Defendant's software to perform her job duties but was denied access.

35. Plaintiff contacted Ms. Garrard about her inability to login. Ms. Garrand advised she had no knowledge of any problems with Plaintiff's login but would look into the matter.

36. Ms. Garrand failed to provide Plaintiff any update.

37. Within days Ms. Monroe and Payroll Clerk Brooke Deck terminated Plaintiff – the day before her return to the office in a full-time capacity.

38. The discrimination and retaliation Plaintiff was subjected to was perpetrated in part by one of Defendant's employees with direct supervisory authority over Plaintiff.

39. Defendant knew or should have known of the discrimination and retaliatory conduct because its supervisor(s) and members of management observed it and/or participated in it.

40. The unlawful employment practices complained of in the above-mentioned paragraphs were intentional.

41. The unlawful employment practices complained of in the above-mentioned paragraphs were done with malice or with reckless indifference to the statutory and/or federally protected rights of Plaintiff.

42. Plaintiff has been damaged by Defendant's illegal conduct.

43. Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count I: Disability Discrimination under the ADA

44. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-43 above.

45. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA.

46. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

47. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

48. Plaintiff was able to perform the essential functions of her job at the time of her termination.

49. Defendant is prohibited under the ADA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

50. Defendant intentionally discriminated against Plaintiff and subjected Plaintiff to disparate and discriminatory treatment throughout her employment based on her disability, thereby resulting in Plaintiff's unlawful termination.

51. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self- confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

52. Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count II: Retaliation in Violation of the ADA

53. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-43 above.

54. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA.

55. At all times relevant to this action, Plaintiff was a qualified employee within a disability under the ADA.

56. Defendant intentionally retaliated against Plaintiff based on her use of protected medical leave pursuant to her disability.

57. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

58. Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count III: Disability Discrimination Under the FCRA

59. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-43 above.

60. At all times relevant to this action, Plaintiff was a qualified individual within the meaning of the FCRA.

61. Plaintiff has an actual disability/handicap, has a record of being disabled, and/or is perceived as being disabled by Defendant.

62. Plaintiff was able to perform the essential functions of her job at the time of her termination.

63. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of her disability/handicap with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

64. Defendant intentionally discriminated against Plaintiff and subjected Plaintiff to disparate and discriminatory treatment throughout her employment based on her disability/handicap, thereby resulting in Plaintiff's unlawful termination.

65. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self- confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

66. Defendant's unlawful conduct in violation of the FCRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count IV: Retaliation in Violation of the FCRA

67. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-43 above.

68. Plaintiff engaged in protected activity under the FCRA while employed by Defendant.

69. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

70. Defendant's conduct violated the FCRA.

71. Defendant's discriminatory conduct, in violation of the FCRA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

72. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

73. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

                    Respectfully Submitted:
                    ***/s/ Lisa Scheibly***
                    Lisa Scheibly, Esq.
                    Florida Bar No. 1010110
                    Spielberger Law Group
                    4890 W. Kennedy Blvd., Suite 950
                    Tampa, Florida 33609
                    T: (800) 965-1570
                    F: (866) 580-7499
                    lisa.scheibly@spielbergerlawgroup.com

*Counsel for Plaintiff*